<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4920**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CLAYTON DOYLE BULLIN, a/k/a Doyle Bullin,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:04-cr-00043-RLV-DCK-2)

Submitted:  August 21, 2014          Decided:  August 25, 2014

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michelle Anderson Barth, LAW OFFICE OF MICHELLE ANDERSON BARTH, Burlington, Vermont, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton Doyle Bullin appeals from the district court's judgment revoking his supervised release and imposing a sixty-month term of imprisonment. On appeal, Bullin claims that his Due Process Clause and Federal Rule of Criminal Procedure 32.1 rights were violated when his attorney did not call a witness that he requested to testify. He also challenges his sentence, alleging that the court did not consider the need to avoid unwarranted sentencing disparities. Finding no error, we affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). On appeal, Bullin alleges that his rights under Rule 32.1 and the Due Process Clause were violated because counsel would not call Parole Officer Chelsey Padilla, as Bullin requested. Although Bullin claims that he was denied his right to confront witnesses, this claim is without merit as counsel's decision was a strategic one, and the claim is better raised as an ineffective assistance of counsel claim. Bullin fails to show that the district court violated his confrontation rights and, further, no ineffective assistance conclusively appears on the record.

2

Next, Bullin argues that his sentence was unreasonable because the court did not fully consider his arguments that his original sentence would have been lower had the Fair Sentencing Act been enacted before he was sentenced and had his consolidated North Carolina convictions be counted as a single offense, instead of multiple offenses. "A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion, the court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) [2012]." Id. at 641.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). The court first considers whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, the court takes a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if this court finds the sentence procedurally or substantively unreasonable, must the court

3

decide whether it is plainly so.  Id. at 657; see also United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013).  This court presumes a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that Bullin's sentence is reasonable, and the district court did not err or abuse its discretion.  The sentence is within both the prescribed statutory range and the policy statement range, and the district court reasonably determined that a sentence at the high end of the policy statement range was appropriate in this case.

Accordingly, we affirm the judgment.  We deny Bullin's motions to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED