**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4393**

———————

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

CARWIN TYRONE PETTIS, JR.,

　　　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:08-cr-00396-CMC-2)

———————

Submitted: August 27, 2014　　　　Decided: September 5, 2014

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carwin Tyrone Pettis, Jr., appeals from the twenty-four-month sentence imposed upon revocation of his supervised release. He contends that this sentence is plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We consider first whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than undertaken for the reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). If we find the sentence procedurally or substantively unreasonable, we must then decide whether it is "plainly" so. Id. at 657.

Here, the district court correctly calculated and considered the advisory policy statement range of eighteen to twenty-four months' imprisonment, considered relevant factors under 18 U.S.C. § 3583(e) (2012), and heard argument from counsel and allocution from Pettis. The court also sufficiently explained its reasons for imposing a sentence within the policy statement range. See Crudup, 461 F.3d at 440.

2

Pettis contends that, in determining his sentence, the district court improperly relied on the need for the sentence to reflect the seriousness of his violative conduct, to promote respect for the law, and to provide just punishment. Because Pettis did not object in the district court to its consideration of these factors, our review is for plain error. United States v. Hargrove, 625 F.3d 170, 183–84 (4th Cir. 2010).

The district court's consideration of these factors was in conjunction with its consideration of the factors enumerated in 18 U.S.C. § 3583(e). "Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). Because the district court properly considered the need for punishment in conjunction with the enumerated factors, we find no plain error by the district court. See id. at 642 (concluding that reference to non-enumerated factor does not render revocation sentence procedurally unreasonable when considered in conjunction with enumerated 18 U.S.C. § 3553(a) (2012) factors).

Accordingly, we conclude that the twenty-four-month revocation sentence — which is not greater than the statutory maximum and is within the advisory policy statement range — is

3

not plainly unreasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED