**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4273**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CURTIS MARTIN,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:11-cr-00312-RDB-1)

———————————

Submitted: October 31, 2014      Decided: December 3, 2014

———————————

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Stuart O. Simms, BROWN, GOLDSTEIN & LEVY, LLP, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Woodrow D. Pengelley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Martin appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months in prison and eighteen months of supervised release. On appeal, he contends that the district court abused its discretion finding that he violated the conditions of his supervised release and by revoking his supervised release. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion, United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992), and its findings of fact for clear error, United States v. Burton, No. 14-4152, 2014 WL 5316326, at *1 (4th Cir. Oct. 20, 2014); see also United States v. White, 620 F.3d 401, 410 (4th Cir. 2010). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (citation and internal quotations marks omitted). We will affirm a sentence imposed after revocation of supervised release if it is within the statutory range and not plainly unreasonable. United States v. Crudup,

461 F.3d 433, 439-40 (4th Cir. 2006). We presume a sentence within the Chapter Seven range is reasonable. United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013).

We have reviewed the record and conclude that the evidence was sufficient for the district court to find that Martin violated the conditions of his supervised release by a preponderance of the evidence, and that the district court did not err or abuse its discretion in revoking his supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED