**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4590**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELWOOD S. GREGORY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:04-cr-00030-HCM-FBS-1)

Submitted: January 28, 2015          Decided: February 4, 2015

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Rodolfo Cejas, II, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elwood S. Gregory appeals the district court's judgment revoking his supervised release and sentencing him to twenty-one months' imprisonment followed by one year of supervised release. Gregory contends that his sentence is plainly unreasonable because, he claims, the district court disregarded evidence of his intellectual disability, which prevents his sentence from accomplishing the 18 U.S.C. § 3553(a) (2012) goals for which the district court imposed it. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, this court first assesses the sentence for unreasonableness, following the procedural and substantive considerations that are at issue during its review of original sentences. Id. at 438-39. In this initial inquiry, we take a more "deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478

2

F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the advisory policy statement range and explains the sentence adequately after considering the policy statements and the applicable 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583 (2012); U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2013) (revocation table); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted).

Initially, we find that the twenty-one month term of imprisonment is not unreasonable. In imposing it, the district court considered the appropriate policy statement range and § 3553(a) factors, sufficiently explained its reasoning, and stated a proper basis for imposing this term of imprisonment.

With respect to the one-year term of supervised release imposed by the revocation sentence, our review of the record discloses that the district court properly calculated the

3

advisory policy statement range, adequately explained Gregory's term of supervised release after considering the relevant § 3553(a) factors, and stated a proper basis for concluding that Gregory should receive the term of supervised release imposed. Contrary to Gregory's assertions, the court did not disregard evidence of his intellectual disability; in fact, the court expressly relied on it when fashioning discretionary conditions on Gregory's supervised release. Accordingly, we find no procedural or substantive error in the sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4