**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4629**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ANTWANN WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:10-cr-00289-D-1)

Submitted: February 27, 2015          Decided: March 18, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Antwann Williams appeals the district court's judgment revoking his supervised release and sentencing him to sixty months' imprisonment. Williams contends that his sentence is plainly unreasonable because the court considered impermissible sentencing factors and that his sentence is greater than necessary to achieve the purposes of sentencing. Finding no error, we affirm.

Because Williams did not object to the district court's consideration of the purportedly impermissible sentencing factors at the revocation hearing, we review this claim for plain error. United States v. Lemon, __ F.3d __, 2015 WL 294329, at *2 (4th Cir. Jan. 23, 2015); United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Williams must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." Webb, 738 F.3d at 640-41 (internal quotation marks omitted). Even if Williams meets his burden, we retain discretion whether to recognize the error and will deny relief unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks and alteration omitted).

2

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." Id. at 640. We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, generally following the procedural and substantive considerations that are at issue in review of original sentences. Id. at 438-39.

In exercising its discretion, the "district court is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)," and "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Webb, 738 F.3d at 641. In determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) (2012) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a) (2012). One of the excluded factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); Crudup, 461 F.3d at 439.

We have recognized that "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Webb, 738 F.3d at 641. As long as a court does not base a revocation sentence predominantly on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id. at 642.

We conclude that the district court imposed the sixty-month sentence predominantly on permissible factors. The court stated that its "principal focus" was on Williams' multiple breaches of trust. (J.A. 18). It referenced the seriousness of the offense and the need to promote respect for the law in conjunction with the need to sanction Williams for his breaches of trust, the nature and circumstances of the offense, Williams' history and characteristics, and the need to protect the public. See Webb, 738 F.3d at 642 (references to omitted sentencing factors were related to references to permissible sentencing factors). Any ambiguity in the district court's use of the phrase "breach of trust" for both the violations and the underlying criminal

4

conduct is not "clear or obvious" as required under plain error review.  Therefore, this claim entitles Williams to no relief.

We next review the substantive reasonableness of the sentence, which Williams asserts is greater than necessary to comply with the goals of § 3553(a).  A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  As we have said, the district court identified appropriate grounds for the 60-month, statutory maximum sentence.  The sentence is thus substantively reasonable.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5