**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4700**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SIEEL ALLEN,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:11-cr-00249-F-4)

─────────────

Submitted:  April 13, 2015            Decided:  May 20, 2015

─────────────

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, First Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sieel Allen appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment, above the Sentencing Guidelines' policy statement range. Allen contends that his sentence is plainly unreasonable. Specifically, he claims his sentence is procedurally unreasonable because the court relied on an 18 U.S.C. § 3553(a) (2012) sentencing factor not enumerated in the list of factors in 18 U.S.C. § 3853(e) (2012) to be considered when imposing a revocation sentence. Allen also claims that his sentence is substantively unreasonable because the court based its decision, in part, on the belief that the sentence was necessary to protect the public from his further criminal conduct, for which no support existed in the record. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, following the procedural and substantive considerations at issue

2

during our review of original sentences. Crudup, 461 F.3d at 438-39. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if a sentence is procedurally or substantively unreasonable will "we . . . then decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439.

A revocation sentence is procedurally reasonable if the district court properly calculates the advisory policy statement range and adequately explains the sentence after considering that range and the applicable § 3553(a) factors. 18 U.S.C. § 3583(e); U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2013) (revocation table); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

We conclude that Allen's challenge to the procedural reasonableness of his sentence lacks merit. Although the district court referenced an unenumerated § 3553(a) factor, it does not appear from the record that the court primarily

3

considered or relied on it when determining Allen's sentence. Moreover, to the extent the court considered the unenumerated factor, we conclude that it was "relevant to, and considered in conjunction with, the enumerated § 3553(a) factors" and therefore did not render Allen's sentence procedurally unreasonable. Webb, 738 F.3d at 642.

We likewise conclude that Allen's challenge to the substantive reasonableness of his sentence lacks merit. Although the district court mentioned its obligation to consider whether the revocation sentence it imposed was needed to protect the public from further crime by Allen, 18 U.S.C. § 3553(a)(2)(C), it does not appear from the record that the sentence the court imposed was based on this factor. Instead, the court expressly relied on Allen's blatant drug use, his unwillingness to take responsibility, and his failure to avail himself of opportunities designed to address his drug problem, all of which Allen concedes are proper bases for imposing a sentence above the policy statement range.

Because we conclude that Allen's revocation sentence is neither procedurally nor substantively unreasonable, it is unnecessary to determine whether it was plainly unreasonable. Crudup, 461 F.3d at 439. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED