**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4124**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JESSEE JAMES TURNER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:13-cr-00005-JPJ-PMS-1)

Submitted:  October 13, 2015          Decided:  October 22, 2015

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Anthony P. Giorno, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessee James Turner appeals the district court's judgment revoking supervised release and sentencing him to a 12-month sentence consecutive to his state sentence. He contends that the length of the sentence and the decision to run the sentence consecutively to an undischarged state sentence are both procedurally and substantively unreasonable. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing Guidelines] sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless the sentence is "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In conducting this review, we assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438. Only if a sentence is found

2

procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439.

A revocation sentence is procedurally reasonable if the district court properly calculated the policy statement range contained in Chapter Seven of the Guidelines and considered the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. Id. at 439; United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

Under Chapter Seven, a court should fashion a revocation sentence to "sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2014). Under 18 U.S.C. § 3583(e) (2012), a court should consider designated factors in § 3553(a) prior to imposing a revocation sentence, including the nature and circumstances of the offense and the history and characteristics of the defendant, the sentencing range established by the applicable policy statements, the need to deter future criminal conduct, and the need to protect the public from further criminal activity.

We conclude that the district court did not improperly emphasize any particular factor and that it properly considered

3

Turner's breach of trust in deciding to impose a sentence at the top of the policy statement range. Also, we discern no error in the district court's decision to order the revocation sentence to run consecutively to an undischarged state sentence. See USSG § 7B1.3(f), p.s.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED