**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4856**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

AUSTIN ROMAINE WEBB, JR., a/k/a Luck,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.   Norman K. Moon, Senior District Judge.  (3:06-cr-00004-NKM-1)

Argued:  September 20, 2013            Decided:  December 19, 2013

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

Affirmed by published opinion.  Judge Floyd wrote the opinion, in which Judge Davis and Judge Keenan joined.

**ARGUED:** Christine Madeleine Lee, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.   Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**  Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Frederick T. Heblich, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.   Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Ronald M. Huber, Assistant United States Attorney, Alyssa Kuhn, Third Year Law Intern, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

FLOYD, Circuit Judge:

Austin Romaine Webb, Jr., appeals his thirty-two month sentence imposed following the revocation of his supervised release, claiming that his sentence is plainly unreasonable because the district court considered statutorily prohibited factors in formulating his revocation sentence. Finding no reversible error, we affirm.

I.

Webb pled guilty in 2006 to conspiracy to possess with intent to distribute fifty grams or more of cocaine base and a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 846, and was sentenced to an eighty-month term of imprisonment followed by a five-year term of supervised release. Benefitting from a sixteen-month reduction to his sentence pursuant to Amendment 706 to the United States Sentencing Guidelines (U.S.S.G.), Webb began serving his supervised release term in August 2010.

Less than one year into his term of supervised release, Webb was arrested in New York City on charges for criminal possession of marijuana and unlawful possession of marijuana. That same month, he tested positive for use of marijuana. In September 2011, the district court found that Webb had committed a Grade C violation of his supervised release and granted the

2

government's request to take the matter under advisement for six months.

In September and December 2011, Jefferson Area Drug Enforcement Task Force detectives conducted two controlled purchases of cocaine base from Webb in Charlottesville, Virginia. After the second controlled purchase, officers arrested Webb and confiscated 12.1 grams of cocaine base from his person. In January 2012, a federal grand jury indicted Webb for conspiracy to distribute cocaine base, distribution of cocaine base, and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. He subsequently pled guilty to conspiracy to distribute twenty-eight or more grams of crack cocaine.

Webb appeared for sentencing and for a hearing on the supervised release violation in October 2012. With respect to the conspiracy conviction, the district court granted the government's motion for a downward departure based upon Webb's substantial assistance and sentenced him to eighty months' imprisonment followed by eight years of supervised release. As to the supervised release violation, the government pressed the court for a "significant sentence" at the high end of Webb's Guidelines range, noting that Webb previously had benefitted from a U.S.S.G. § 5K1.1 motion but that he was caught selling drugs thirteen months later. Webb's counsel conceded that the

3

violation was "troubling," given that it occurred shortly after Webb was released, but requested that the court impose a sentence near the low end of the Guidelines range.

Concluding that Webb's conduct constituted a Grade A violation, the court revoked the term of supervision and sentenced Webb to thirty-two months' imprisonment to run consecutively to any other federal or state sentence. In doing so, the court explained the rationale for its sentence as follows:

> After considering the evidence and argument from the government and the defendant, the specific sentence recommended includes the nature and circumstances, the seriousness of the violation, provides just punishment, reveals the history and characteristics of the defendant, promotes respect for the conditions of supervision imposed by the court, and affords adequate deterrence to noncompliant behavior, and provides protection from the public from further crimes of the defendant.

The district court also noted that the thirty-two month sentence was appropriate in light of Webb's continued pattern of committing drug offenses.

Webb did not object to the district court's revocation sentence. He now appeals, contending that the thirty-two month sentence imposed upon revocation of his supervised release is plainly unreasonable.

4

A district court has broad discretion when imposing a sentence upon revocation of supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a revocation sentence if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable. Id. at 438-39. Only if we find the sentence unreasonable must we decide "whether it is 'plainly' so." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439).

Because Webb did not raise any objection to the court's explanation of his sentence, we review the record below for plain error. United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010). To establish plain error, Webb must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when this burden is met, we retain discretion whether to recognize the error and will deny relief unless the district court's error "seriously affect[s] the fairness,

5

integrity or public reputation of judicial proceedings." Id. at 736 (alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)) (internal quotation marks omitted).

B.

In exercising its discretion to impose a sentence of imprisonment upon revocation of a defendant's supervised release, a district court is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e). Chapter Seven instructs that, in fashioning a revocation sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012). Section 3583(e), the statute governing supervised release, further directs courts to consider factors enumerated in "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"[*] when imposing a sentence upon revocation of

---

[*] The cross-referenced § 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant needed educational or
(Continued)

supervised release.  Absent from these enumerated factors is § 3553(a)(2)(A), which requires district courts to consider the need for the imposed sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  Accordingly, in Crudup, we stated, without analysis or explanation, that a district court is not permitted to impose a revocation sentence based upon these omitted considerations.  461 F.3d at 439.

Relying on Crudup, Webb contends that his revocation sentence is plainly unreasonable because the district court mentioned the § 3553(a)(2)(A) factors when announcing Webb's thirty-two month sentence.  We disagree.  Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute.  And, as many of our sister circuits have recognized, the factors listed in § 3553(a)(2)(A) are

---

vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the sentencing range established by the Guidelines; (4) the pertinent policy statements of the Sentencing Commission; (5) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct"; and (6) "the need to provide restitution to any victims of the offense."

intertwined with the factors courts are expressly authorized to consider under § 3583(e). See, e.g., United States v. Young, 634 F.3d 233, 239 (3d Cir. 2011) ("[T]he 'nature and circumstances of the offense,' a mandatory revocation consideration under § 3583(e), necessarily encompasses the seriousness of the violation of supervised release."); United States v. Lewis, 498 F.3d 393, 399-400 (6th Cir. 2007) ("[T]he three considerations in § 3553(a)(2)(A), namely the need 'to reflect the seriousness of the offense,' 'to promote respect for the law,' and 'to provide just punishment for the offense,' are essentially redundant with matters courts are already permitted to take into consideration when imposing sentences for violation of supervised release."); United States v. Williams, 443 F.3d 35, 47-48 (2d Cir. 2006) ("[Section] 3583(e) cannot reasonably be interpreted to exclude consideration of the seriousness of the releasee's violation, given the other factors that must be considered.").

A district court's meaningful consideration of the enumerated § 3553(a) factors when imposing a revocation sentence typically will include analysis that furthers the purposes of post-revocation incarceration. Given that the § 3553(a)(2)(A) factors are closely related to the factors district courts are instructed to consider under § 3583(e), we fail to see how a district court's reference to the § 3553(a)(2)(A) sentencing

8

considerations, without more, would automatically render a revocation sentence unreasonable. Accordingly, although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment, we conclude that mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors. See United States v. Miqbel, 444 F.3d 1173, 1182 (9th Cir. 2006).

In determining the sentence to impose upon revocation of Webb's supervised release, the district court noted its consideration of the Chapter Seven policy statements and discussed several of the enumerated § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to afford adequate deterrence to noncompliant behavior, and the need for the sentence to provide protection to the public from Webb's criminal behavior. Although the district court referenced the three omitted § 3553(a) factors, namely the seriousness of Webb's offense, the need to provide just punishment, and the need to promote respect for the conditions of supervision, we conclude that those factors were related to

9

other considerations permissibly relied upon by the district court. Indeed, the district court's references to the seriousness of Webb's violation and imposing just punishment were made in connection with its consideration of the nature and circumstances of Webb's offense as well as its determination that Webb's sentence would adequately deter violations of supervised release, both of which are approved factors under § 3583(e). Further, the court's reference to promoting respect for the conditions of supervision was germane to Webb's individual history and the need to sanction his breach of the court's trust, considerations relevant to the Chapter Seven policy statements. Because the district court appropriately focused its discussion on the Chapter Seven policy statements and based Webb's revocation sentence on factors listed in § 3583(e), we discern no error, much less plain error, in the district court's consideration of related factors.

Finally, assuming arguendo Webb were able to demonstrate the district court committed plain error, we nevertheless conclude he is unable to show that the court's error affected his substantial rights by influencing the outcome of the revocation hearing. Webb's thirty-two month revocation sentence is near the bottom of his Chapter Seven range of thirty to thirty-seven months and is presumed reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Webb has not

argued that he would have received a lower sentence had the district court not committed the errors he alleges, and therefore, he has failed to justify a remand for resentencing. United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (explaining that to satisfy the third element of plain error review "in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred"). Accordingly, he has failed to satisfy the third prong of plain error review.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED