**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4872**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JUAN JARAMILLO-JIMENEZ,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00342-CCE-1)

———————

Submitted:  April 28, 2014          Decided:  May 13, 2014

———————

Before KING, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Jaramillo-Jimenez appeals the district court's judgment and commitment order entered after his supervised release was revoked. The court sentenced Jaramillo-Jimenez to serve eighteen months' imprisonment consecutive to the sentence he was serving at the time. He contends that the sentence was substantively unreasonable. Finding no error, we affirm.

The district court has broad discretion when imposing a sentence upon revoking a defendant's supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm the sentence if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Webb, 738 F.3d at 640. A revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the § 3553(a) factors applicable to supervised release revocation. Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440. Only if a sentence is found procedurally or substantively unreasonable will we then decide whether the sentence is plainly unreasonable. Id. at 439.

2

In ordering the sentence at issue, the district court properly considered Jaramillo-Jimenez unwillingness to abide by the terms of supervision, see United States v. Moulden, 478 F.3d 652, 655 (4th Cir. 2007), and the need to deter further violations of supervised release.  See Webb, 738 F.3d at 642. Because the court stated a proper basis for the consecutive eighteen month sentence, we find no error.

Accordingly, we affirm the district court's judgment and commitment order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED