**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4197**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

ZONTA TAVARAS ELLISON,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00404-FDW-DSC-1)

———————

Submitted: November 25, 2014    Decided: December 19, 2014

———————

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Zonta Tavaras Ellison on three counts of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Ellison contends that the district court erred by (1) determining that he knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel; and (2) failing to grant him a reduction for acceptance of responsibility. We affirm.

**I.**

A defendant may waive his right to counsel so long as he is competent and the waiver is made intelligently. Faretta v. California, 422 U.S. 806, 835 (1975). We review de novo a district court's determination that a defendant has waived his Sixth Amendment right to counsel. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). "An assertion of the right of self-representation . . . must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (citations omitted).

"[W]e review the sufficiency of a waiver of the right to counsel by evaluating the complete profile of the defendant and the circumstances of his decision as known to the trial court at the time." Singleton, 107 F.3d at 1097. A defendant

2

"should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." <u>Faretta</u>, 422 U.S. at 835. However, this court does not require "[a] precise procedure or litany for this evaluation." <u>Singleton</u>, 107 F.3d at 1097.

Our review of the record demonstrates that Ellison clearly and unequivocally asserted his right to self-representation. Ellison's election to proceed pro se also was knowing, intelligent, and voluntary. The record reflects that, at the time he waived his right to counsel, Ellison understood the legal proceedings and was aware of the nature of the charges against him and the penalties he faced. We conclude that the district court did not err in granting Ellison's request to waive counsel and proceed pro se.

## II.

For the first time on appeal, Ellison argues that, even though he went to trial, the district court should have awarded him a two-level reduction for acceptance of responsibility. We review for plain error. <u>See</u> <u>United States v. Strieper</u>, 666 F.3d 288, 292 (4th Cir. 2012). To establish plain error, an appellant must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the

error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013) (internal quotation marks and citation omitted). Even if the appellant meets his burden, we retain discretion to recognize the error and may grant relief only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (internal quotation marks and citation omitted) (alteration in original).

We find no reversible error in the district court's failure to credit Ellison with a reduction for acceptance of responsibility. Ellison argues that the assertion of an affirmative defense, such as entrapment, does not preclude a reduction for acceptance of responsibility. Although some courts have adopted this position, see, e.g., United States v. Garcia, 182 F.3d 1165, 1172-74 (10th Cir. 1999) (affirming reduction), Ellison has not shown that the district court erred, much less that the error was clear or obvious.

Ellison's entrapment defense was directly related to factual guilt and was inconsistent with acceptance of responsibility insofar as it was an attempt at minimizing his culpability. See United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996) (holding district court did not clearly err in

4

denying adjustment because defendant's meritless affirmative defense was "attempt to minimize his culpability"). This is clearly demonstrated by Ellison's objections to his presentence report, in which he stated that, although he transacted with the confidential informant, he lacked "the intent to sell and distribute cocaine." Finally, to the extent Ellison contends that the district court erred in adopting the presentence report, which stated that the reduction did not apply, we find this argument unpersuasive.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

<u>AFFIRMED</u>

5