**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4099**

———————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

GARY LEE MARCUM,

           Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:08-cr-00247-1)

———————

Submitted: July 23, 2015          Decided: July 27, 2015

———————

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael D. Payne, REDMAN AND PAYNE, ATTORNEYS AT LAW, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, C. Haley Bunn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lee Marcum appeals the district court's judgment revoking his supervised release and sentencing him to 12 months' imprisonment. On appeal, Marcum challenges both the revocation of his supervised release and the reasonableness of his sentence. We affirm.

We review the court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Padgett, ___ F.3d ___, ___, 2015 WL 3561289, at *1 (4th Cir. June 9, 2015). Marcum contends that the district court erred by revoking his supervised release and imposing an active term of imprisonment instead of ordering him to attend a drug treatment program. We conclude that the court acted well within its discretion when it revoked Marcum's supervised release. In addition to testing positive for drugs on nine occasions, Marcum squandered the opportunity the court afforded him when it placed the revocation petition in abeyance so that he could complete a drug treatment program. The court was not obligated to give Marcum a second chance. See 18 U.S.C. § 3583(d) (2012) (mandating only that court consider drug treatment alternative to revocation when defendant tests positive for controlled substances).

Marcum next contends that, when imposing sentence, the district court erred by considering that he might have been driving under the influence during his term of supervised release. While

2

Marcum is correct that he was not charged with driving under the influence, the court's concern was not unreasonable, as Marcum was charged with multiple traffic infractions around the time that he tested positive for drugs. Because Marcum has failed to demonstrate that his revocation sentence is unreasonable, much less plainly so, we affirm the district court's judgment. See United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) ("We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." (internal quotation marks omitted)).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED