**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4738**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SEAN BISHOP,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District
Judge.  (8:99-cr-00255-DKC-1)

———————

Submitted:  August 27, 2015          Decided:  August 31, 2015

———————

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

———————

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

———————

Robin M. Earnest, EARNEST LAW PRACTICE, Riverdale, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Kristi
O'Malley, Assistant United States Attorney, Conor Mulroe,
Special Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Bishop seeks to appeal the district court's judgment revoking supervised release and sentencing him to 12 months' imprisonment, followed by 40 months' supervised release. The Government contends that Bishop's appeal is moot because he has completed his term of imprisonment. For the following reasons, we dismiss Bishop's appeal of his sentence of imprisonment and affirm the term of supervised release.

"The doctrine of mootness originates in Article III's case or controversy language," and we lose jurisdiction over any portion of an appeal that becomes moot. Incumma v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (alterations and internal quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the out-come." Id. at 286 (internal quotation marks omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief . . . to a prevailing party, the appeal must be dismissed . . . ." Id. (brackets and internal quotation marks omitted).

Here, Bishop's completion of his term of imprisonment during the pendency of this appeal rendered his challenge to the prison term moot, and we dismiss that portion of his appeal for lack of jurisdiction. But we do possess jurisdiction over

2

Bishop's challenge to the reasonableness of his term of supervised release because he is still serving that portion of his sentence, and we proceed to that issue.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). When considering a challenge to the reasonableness of a sentence, we first consider the procedural reasonableness of the sentence, including whether the district court properly calculated the Sentencing Guidelines range, and then consider its substantive reasonableness in light of the "totality of the circumstances" and the applicable 18 U.S.C. § 3553(a) (2012) factors. United States v. Aplicano-Oyuela, 792 F.3d 416, 423, 425 (4th Cir. 2015). When reviewing the substantive reasonableness of a term of supervised release, we may apply a presumption of reasonableness where the imposed term falls within the Sentencing Guidelines range. Id. at 425. Finally, because Bishop did not object to the imposed term of supervised release before the district court, we review only for plain error. Webb, 738 F.3d at 640-41.

We conclude that the district court did not plainly err in imposing a 40-month term of supervised release. Subtracting the

3

prison terms Bishop served for supervised release violations, the district court was statutorily authorized to impose a 40-month term of supervised release and this term fell within the policy statement range. See 18 U.S.C. § 3583(b)(1), (h) (2012). Bishop does not rebut the reasonableness of the term. U.S. Sentencing Guidelines Manual § 5D1.2(a)(1) (2013).

Accordingly, we dismiss as moot Bishop's appeal of his sentence of imprisonment, and affirm the district court's judgment with respect to Bishop's term of supervised release. In light of the district court's excusable neglect finding, we deny the Government's motion to dismiss Bishop's appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART
AFFIRMED IN PART
