**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-4133**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WILMER NAHUN CAMPOS-MEJIA,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:10-cr-00292-HEH-1)

───────────────

Submitted:  September 10, 2015      Decided:  September 18, 2015

───────────────

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilmer Nahun Campos-Mejia appeals the district court's order revoking his supervised release and sentencing him to 24 months' imprisonment, above the Sentencing Guidelines' policy statement range. Campos-Mejia contends that his sentence is plainly unreasonable. Specifically, he claims that his sentence is procedurally unreasonable because the district court relied on 18 U.S.C. § 3553(a) (2012) sentencing factors not enumerated in the list of factors in 18 U.S.C. § 3853(e) (2012) to be considered when imposing a revocation sentence. Campos-Mejia also claims that his sentence is procedurally unreasonable in light of the Government's suggestion that increased punishment was appropriate in order to ensure he was punished for the crimes underlying the revocation of his supervised release. We affirm.

"[T]he sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015) (ellipsis and internal quotation marks omitted). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." Id. (internal quotation marks omitted). "[T]he [same] procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well."

2

Id. (internal quotation marks omitted). However, for this initial inquiry, "[i]n determining whether a revocation sentence is unreasonable, we strike a more deferential appellate posture than we do when reviewing original sentences." Id. (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range and the § 3553(a) factors applicable to supervised release revocation. Id.; United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Padgett, 788 F.3d at 373.

We conclude that Campos-Mejia's challenge to the procedural reasonableness of his sentence based on the district court's reference to unenumerated § 3553(a) factors lacks merit. Although the district court referenced unenumerated factors, it does not appear from the record that the court primarily considered or relied on them when determining Campos-Mejia's sentence. See United States v. Webb, 738 F.3d 638, 641-42 (4th Cir. 2013). Moreover, to the extent the court considered unenumerated factors, we conclude that they were "relevant to,

3

and considered in conjunction with, the enumerated § 3553(a) factors" and, therefore, that reference to the omitted factors did not render Campos-Mejia's sentence procedurally unreasonable. Id. at 642.

We likewise conclude that Campos-Mejia's contentions regarding the Government's assertions at his revocation hearing are meritless. Imposing a sentence for the purpose of punishing the underlying conduct as a new offense, rather than for breaking the court's trust, might constitute plain unreasonableness. See U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2014); United States v. Simtob, 485 F.3d 1058, 1063-64 (9th Cir. 2007); Crudup, 461 F.3d at 437-38. However, even if the Government's reasoning at sentencing were taken to imply that Campos-Mejia should be sentenced for a new offense, we cannot attribute this reasoning to the district court on the record before us. See United States v. Bell, 667 F.3d 431, 447-48 (4th Cir. 2011). On the contrary, the record discloses that the district court based the sentence it imposed on the advisory policy statements and the factors enumerated in § 3583(e).

Because we conclude that Campos-Mejia's revocation sentence is not procedurally unreasonable and because he does not challenge its substantive reasonableness, it is unnecessary to determine whether the sentence is plainly unreasonable. Padgett, 788 F.3d at 373. Accordingly, we affirm the judgment

4

of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED