**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4110**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADRIAN MARQUESE ADAMS,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:06-cr-00028-MR-DLH-1)

———————

Submitted: October 29, 2015      Decided: December 4, 2015

———————

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eric A. Bach, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Marquese Adams appeals the consecutive 27-month sentence imposed upon revocation of his term of supervised release. On appeal, Adams argues that the district court committed reversible error in running the sentence consecutive to any previously or subsequently imposed sentence of imprisonment, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii) (2012).

Because Adams did not preserve a challenge to the district court's decision to impose a consecutive sentence, we review this decision for plain error. See United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). Even if we were to conclude that the court committed error and that the error was plain, Adams has not met his burden to establish that the error affected his substantial rights. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (defining plain error test); United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (describing sentencing error that affects substantial rights).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED