**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4200**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

STEVEN LAVON WALKER,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:04-cr-00146-1)

Submitted: January 27, 2016      Decided: February 5, 2016

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Abraham Julian Saad, SAAD LAW OFFICE, Huntington, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Lavon Walker appeals the district court's judgment revoking his supervised release and sentencing him to 57 months' imprisonment, to run consecutively to his sentence for the offense that constituted the supervised release violation. Walker argues that this sentence is unreasonable. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that is within the statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006).* In conducting this review, we assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438. Only if a sentence is found procedurally or substantively unreasonable will we "then decide

---

* To the extent Walker argues that Crudup was wrongly decided and that we should analyze revocation sentences under the same reasonableness standard we apply to initial sentences, we lack authority to consider this challenge. See United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) ("A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (alteration and internal quotation marks omitted)). Moreover, even if we were to apply the standard advocated by Walker, it would have no effect on the disposition of this case because Walker's sentence is reasonable.

whether the sentence is <u>plainly</u> unreasonable." <u>Id.</u> at 439. A sentence that is within a properly calculated Chapter Seven range is presumed reasonable. <u>Webb</u>, 738 F.3d at 642.

Having reviewed the record and the district court's explanation of the revocation sentence, we conclude that Walker's sentence is procedurally and substantively reasonable. To the extent Walker argues that the district court improperly considered the need to punish him, in violation of 18 U.S.C. § 3583(c) (2012), we find that the court's explanation of the revocation sentence does not support this contention.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>