**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4050**

———————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

CLAUDE LEE COLES, JR., a/k/a Cheese,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:09-cr-00332-JAG-1)

———————

Submitted: August 25, 2016        Decided: August 29, 2016

———————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claude Lee Coles, Jr., appeals from the district court's judgment revoking his supervised release and sentencing him to 60 months' imprisonment. On appeal, Coles argues that this sentence is procedurally and substantively plainly unreasonable. We affirm.

This court will affirm a sentence imposed after revocation of supervised release "if it is within the statutory maximum and is not 'plainly unreasonable.'" United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). When reviewing whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Crudup, 461 F.3d at 438. A supervised release revocation sentence is procedurally reasonable if the district court considers the Sentencing Guidelines' Chapter Seven advisory policy statement range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should

2

receive the sentence imposed, up to the statutory maximum. See Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439 (emphasis omitted). A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Coles contends that his 60-month revocation sentence is procedurally and substantively unreasonable because the district court did not sufficiently consider a sentence within the advisory policy statement range of 7 to 13 months' imprisonment. Contrary to Coles' assertion, however, the record makes clear that the district court heard his arguments in mitigation at the revocation hearing but rejected them in light of the nature and circumstances of his violative behavior, his history and characteristics, deterrence for other members of the SCORE drug treatment program, and the need for the revocation sentence to sanction his breach of trust on release, all factors the court was permitted to consider in imposing a revocation sentence. See 18 U.S.C. §§ 3553(a)(1), 3583(e); U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) (U.S. Sentencing Comm'n 2015) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the

violator."). We therefore conclude that the revocation sentence is not procedurally or substantively unreasonable and affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED