**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 16-4241**

—————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MAMADOU JALLOW,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.  (5:13-cr-00126-D-1)

—————

Submitted:  November 14, 2016      Decided:  November 21, 2016

—————

Before GREGORY, Chief Judge, and MOTZ and DUNCAN, Circuit
Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Elliot Sol Abrams, CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC,
Raleigh, North Carolina, for Appellant.   John Stuart Bruce,
United States Attorney, Jennifer P. May-Parker, Kristine L.
Fritz, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mamadou Jallow appeals the district court's judgment revoking his supervised release and sentencing him to the authorized statutory maximum term of 24 months' imprisonment. On appeal, Jallow challenges the district court's rationale for imposing the statutory maximum term of imprisonment, asserting that the selected sentence runs afoul of United States v. Webb, 738 F.3d 638 (4th Cir. 2013). We affirm.

We have routinely recognized that, in the context of a supervised release revocation, "the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (ellipsis and internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." Id. (internal quotation marks omitted). In reviewing a revocation sentence, we utilize the familiar procedural and substantive considerations employed for evaluating the reasonableness of an original criminal sentence, but "we strike a more deferential appellate posture than we do when reviewing original sentences." Id. (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range

2

and the 18 U.S.C. § 3553(a) (2012) factors applicable to supervised release revocation. Id.; United States v. Crudup, 461 F.3d 433, 438–40 (4th Cir. 2006). A sentence is substantively reasonable if the district court "sufficiently stated a proper basis" for the selected sentence, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we determine that a revocation sentence is unreasonable need we consider "whether it is plainly so." Padgett, 788 F.3d at 373.

In exercising its sentencing discretion, the district court "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Webb, 738 F.3d at 641. In determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) (2012) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a).

The record confirms that the district court faithfully followed this process in sentencing Jallow. After properly calculating Jallow's policy statement range, hearing argument from both attorneys, and allowing Jallow to allocute, the court announced several bases for imposing on Jallow the statutory maximum term of imprisonment. The most significant of these reasons was that Jallow egregiously breached the court's trust when, while on supervised release, he repeatedly engaged in the

3

same criminal conduct for which he was initially convicted and sentenced. The severity of the breach was exacerbated by the fact that Jallow's supervised release had previously been revoked for committing a similar crime. These facts established Jallow's staunch refusal to abide by the terms and conditions of his supervised release, as well as his determination to flout the court's authority. We thus readily uphold the revocation sentence as reasonable. See Crudup, 461 F.3d at 440 (holding that imposition of statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release," despite several extensions of leniency by the district court).

Against this backdrop, we consider Jallow's argument that the district court erred, under Webb, in imposing the statutory maximum term of imprisonment available in this case. In Webb, the defendant received a 32-month revocation sentence after being found to have committed a Grade A supervised release violation. 738 F.3d at 640. This was near the bottom of Webb's policy statement range and thus presumptively reasonable. Id. at 642. The primary issue in Webb was whether a district court's reference to § 3553(a) sentencing factors not identified in § 3583(e) renders a sentence per se plainly procedurally unreasonable, and we rejected this contention. Id. at 641-42

4

(holding "that [the] mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors"). Jallow seeks to demonstrate the unreasonableness of his sentence by comparing the conduct leading to the revocation of his term of supervised release to that at issue in Webb. But this argument fails to appreciate the considerable discretion judges have in selecting a revocation sentence and overemphasizes the significance of the court's use of the word "felonious" in its explanation for the selected sentence. Thus, we are not persuaded by this assignment of error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED