**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4534**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROGER PLUMLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:05-cr-00224-2)

Submitted: January 26, 2017        Decided: March 1, 2017

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Miller Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Roger Plumley's supervised release and sentenced him to 8 months' imprisonment and 50 months' supervised release. Plumley appeals. For the following reasons, we affirm.

We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). Under this standard, we first consider whether the sentence is procedurally or substantively unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this inquiry, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines Manual, the policy statement range, and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Id. Chapter Seven directs district courts to "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch.7, pt. A(3)(b) (2016).

2

Section 3583(e) identifies several § 3553(a) factors to be considered by the sentencing court, including the nature and seriousness of the offense, the defendant's history and characteristics, the need for deterrence or correctional treatment, and the sentencing range. The section does not cite § 3553(a)(2)(A), which refers to "the need for the sentence imposed to . . . reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3583(e).

A sentence is substantively reasonable if the district court adequately identified a proper basis for it. Crudup, 461 F.3d at 438. We presume reasonable a sentence within the policy statement range. Id.

"Only if we find the sentence unreasonable must we decide whether it is plainly so." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). A plainly unreasonable sentence refers to a sentence with clear or obvious error. See Crudup, 461 F.3d at 439.

We reject Plumley's claim that the district court imposed a procedurally unreasonable sentence when it considered as a sentencing factor Plumley's repeated violations of the conditions of his supervised release. According to Plumley, when the court considered that factor, it disregarded Chapter Seven and impermissibly relied on the need for punishment under

3

§ 3553(a)(2)(A), which contains sentencing factors not identified in § 3583(e).

The law and record do not support Plumley's argument. Chapter Seven does not bar the district court from considering the seriousness of the offense; it merely limits the importance of that factor in comparison with a defendant's breach of trust. See USSG ch.7, pt. A(3)(b). We have held that "although a district court may not impose a revocation sentence based predominately on . . . the need for the sentence to promote respect for the law and provide just punishment, . . . mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Webb, 738 F.3d at 642.

Here, the record shows that the district court did not impose its revocation sentence primarily to punish Plumley. The court considered several factors identified in § 3583(e).

We also conclude that the district court imposed a substantively reasonable sentence. Plumley has failed to overcome the presumption of reasonableness afforded his sentence, which falls within the policy statement range. See Crudup, 461 F.3d at 438.

Because the district court did not impose an unreasonable sentence, we affirm its judgment. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

AFFIRMED