**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis CUNNINGHAM, III,
Defendant-Appellant.**

No. 17-4263

United States Court of Appeals,
Fourth Circuit.

Submitted: October 20, 2017

Decided: October 27, 2017

James Wyda, Federal Public Defender, Meghan Skelton, Appellate Attorney, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Ayn B. Ducao, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before TRAXLER, DUNCAN, and DIAZ, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Cunningham, III, appeals from the district court's judgment revoking his supervised release and sentencing him to 21 months' imprisonment. On appeal, Cunningham argues that this sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb,* 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release "if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In reviewing whether a revocation sentence is plainly unreasonable, we "first decide whether the sentence is unreasonable ... follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup,* 461 F.3d 433, 438 (4th Cir. 2006). A supervised release revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup,* 461 F.3d at 440. A sentence within the advisory policy statement range is presumed reasonable. *United States v. Padgett,* 788 F.3d 370, 373 (4th Cir. 2015). Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is *plainly* unreasonable." *Crudup,* 461 F.3d at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

Although Cunningham's 21-month revocation sentence is at the low end of the advisory policy statement range, he contends that sentence is substantively unreasonable because the district court improperly placed controlling weight on the sentencing factor of protecting the public; relied on disputed facts relating to the underlying violation conduct; failed to consider that he had been punished by the Maryland courts for some of the underlying violation conduct; and ignored the fact that, due to a partially suspended sentence, he remained under the supervision of the Maryland courts. Contrary to Cunningham's assertion, however, the record makes clear that in sentencing him at the low end of the advisory range, the district court properly considered the facts, all of the appropriate sentencing factors, and Cunningham's arguments in mitigation. We therefore conclude that the revocation sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*