**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4147

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY LEE SHIFFLETT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:99-cr-00042-GMG-RWT-3)

Submitted: October 5, 2017                    Decided: November 29, 2017

Before DUNCAN and THACKER, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished opinion. Judge Cogburn wrote the opinion, in which Judge Duncan and Judge Thacker joined.

Craig W. Sampson, Sr., BARNES & DIEHL, PC, Richmond, Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Paul T. Camilletti, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

COGBURN, District Judge:

Appellant Terry Lee Shifflett ("Shifflett") challenges the district court's imposition of an agreed-to 41 month sentence of incarceration upon his admitted violation of supervised release. While not raised before the district court, Shifflett here contends that plain error occurred in imposing that sentence because the maximum sentence he faced was 24 months due to the underlying offense of conviction being a Class C felony. Finding that the district court properly determined that the underlying offense was a Class A felony, we affirm.

I.

In 2000, Shifflett pled guilty to two felony offenses in the underlying action. First, he pled to and was sentenced for a violation of 18 U.S.C. § 924(c), which prohibits using and carrying a firearm during and in relation to a drug trafficking crime. Second, Shifflett pled to and was sentenced for a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, which prohibit aiding and abetting the distribution of controlled substances. Shifflett was sentenced to the mandatory minimum of 60 months imprisonment on the § 924(c) offense and 168 months on the §§ 841(a)(1) & 2 offense, to be served consecutively. The district court also imposed a three-year term of supervised release as to each offense, to be served concurrently.

In 2005, the district court reduced the distribution sentence to 140 months in accordance with a retroactive amendment to the United States Sentencing Guidelines and pursuant to 18 U.S.C. § 3582(c)(2). All other terms of the 2000 sentence remaining in effect.

Upon his release from imprisonment, Shifflett commenced service of the three-year term of supervised release. He violated his supervised release when, in 2016, state authorities discovered appellant dealing heroin from a motel room.

At the supervised release violation hearing, Shifflett admitted the violation. The district court then determined that appellant was subject to a five year maximum term of imprisonment for the violation and that the recommended Guidelines range for such violation was 46-57 months. Neither appellant nor appellee objected to such determination. In imposing sentence, the district court accepted the joint recommendation of the parties of a 41 month sentence of incarceration followed by 19 months of supervised release, a below recommended Guidelines sentence.

## II.

On appeal, Shifflett challenges for the first time the sentence of incarceration imposed for the supervised release violation. He argues that the district court committed plain error when it determined that the maximum period of incarceration that could be imposed for the violation was five years, contending that he was only subject to a maximum of two years imprisonment inasmuch as the underlying drug conviction in 2000 was a Class C felony.

## III.

Errors asserted for the first time on appeal are reviewed under the "plain error" standard. *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). To reverse for plain error, the reviewing court must (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public

3

reputation of a judicial proceeding. *United States v. Brewer*, 1 F.3d 1430, 1434-1435 (4th Cir. 1993). Moreover, in reviewing a district court's imposition of a sentence imposed upon revocation of supervised release, this court "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation omitted). We "first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only where we first find the sentence unreasonable "must [we] decide whether it is plainly so." *Id.*

IV.

When a district court exercises its discretion to impose a sentence of imprisonment after a revocation of supervised release, determination of the maximum sentence which could be imposed for the violation is governed by 18 U.S.C. § 3583(e)(3), which provides, in relevant part, as follows:

> a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case ….

*Id.* Shifflett is correct in arguing that his conviction under §§ 841(a)(1) & 2 for aiding and abetting the distribution of controlled substances is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). He is also correct in arguing that where the underlying conviction was for a Class C felony, the maximum period of incarceration that could be imposed for violating supervised release from that offense would be two years. It is at this point, however, that Shifflett's efforts at showing plain error end.

4

Appellant fails to mention that the supervised release he was serving was not just for a Class C felony drug offense, but was also for a Class A felony, to wit, using and carrying a firearm in relationship to that drug offense. Review of the record below clearly shows that the district court imposed the three-year period of supervised release "on each count – to be served concurrently." (JA 72).

Appellant's § 924(c)(1) conviction is a Class A felony because the maximum possible penalty for that offense is life imprisonment. Congress did not specify any *maximum* sentence for any particular § 924(c)(1)(A) offense; rather, it provided a series of mandatory *minimum* sentences for various gun offenses. The absence in a statute of a maximum penalty has been consistently interpreted to mean that the maximum authorized sentence is life imprisonment. *United States v. Turner*, 389 F.3d 111,120 (4th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005). An offense that comes with a maximum penalty of life imprisonment is a Class A felony. 18 U.S.C. § 3559(a)(1).

We addressed whether the base offenses contained in § 924(c) carried a maximum possible penalty of life imprisonment more than a decade ago. In *United States v. Cristobal*, 293 F.3d 134 (4th Cir.), *cert. denied*, 537 U.S. 963 (2002), we held that the maximum possible penalty for all § 924(c)(1) offenses is life imprisonment. *Id.*, 293 F.3d at 147. Further, other circuits addressing this issue have reached the same conclusion. *See United States v. Shabazz*, 564 F.3d 280, 288 (3d Cir. 2009) (collecting cases).

Since the maximum authorized sentence for a violation of 18 U.S.C. § 924(c)(1)(A) is life imprisonment, 293 F.3d at 147, Shifflett's § 924(c)(1) conviction is a Class A felony pursuant to 18 U.S.C. § 3559(a)(1), making the maximum term of

incarceration for a violation of supervised release five years.  18 U.S.C. § 3583(e)(3).

Appellant's contention is, therefore, without merit as he has not shown that the revocation sentence is procedurally or substantively unreasonable. We also dispense with the appellant's accompanying guidelines range argument as it is premised on Shifflett's mistaken conclusion that his § 924(c)(1) conviction is a Class C felony.

V.

Finally, we note appellant's *pro se* submission of a document captioned "Motion under § 2241 of § 2244 for *Mathis* Claim under Independent Action of Second or Successive § 2255 Claim." This Court docketed such filing as appellant's *Anders* Pro Se Brief [Docket Entry No. 51], dated December 27, 2016, as his *pro se* response to this Court's *Anders* Notice [Docket Entry No. 26] filed June 30, 2016.

An *Anders* Notice issued because appellant's original counsel filed an *Anders* Brief [Docket Entry No. 24].  New counsel did not adopt the earlier-filed Brief and filed the instant merits Brief [Docket Entry No. 55] raising the issue we have addressed. Thus, appellant's *Anders* Pro Se Brief is not properly before this court.

We also note that appellant's *Anders* Pro Se Brief is actually a request made under 28 U.S.C. § 2244, which would be improperly lodged on direct appeal.  In that request, appellant seeks permission to file a second or subsequent collateral petition under 28 U.S.C. § 2255 attacking the Judgment imposed on his 2000 conviction. The inclusion of a § 2244 motion in an *Anders* pro se brief on direct appeal is contrary to the Rules of this Court, *see* CTA4 Rule 22(d), and we conclude that the relief sought in appellant's *Anders* Pro Se Brief is, in any event, improperly raised on this direct appeal.

6

## VI.

For the reasons discussed, we affirm the revocation sentence imposed by the district court and dismiss the appeal. We strike appellant's *Anders* Pro Se Brief as non-justiciable and deny the motion contained therein without prejudice as made contrary to Rule 22(d) of this Court. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED.*