**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4279

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS JERMAINE MCDANIEL, a/k/a Pootie, a/k/a Knows,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:04-cr-00140-TDS-1)

Submitted:  December 23, 2025                           Decided:  December 31, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Timberlake, North Carolina, for Appellant. Clifton T. Barrett, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Jermaine McDaniel appeals the district court's judgment revoking his term of supervised release and imposing a sentence of 28 months' imprisonment. On appeal, McDaniel contends that there was insufficient evidence that he violated the terms of his supervised release by committing the offense of possession with the intent to sell or deliver marijuana. Specifically, McDaniel challenges the district court's findings that he was in constructive possession of the marijuana seized by police from the car he was driving during a traffic stop and that the substance in question was marijuana rather than hemp. We affirm.

"We review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (citation modified). "A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (citation modified).

"This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Id*. (citation modified). "A district court's credibility determinations at a revocation hearing are entitled to a great deal of deference by the reviewing court." *Id*. "Under clear-error review, our task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Id*. (citation modified).

2

Here, the district court relied on testimony by the police officers involved in the traffic stop and subsequent search of the car McDaniel was driving; police body camera footage of the stop and McDaniel's post-arrest interview; the fact that McDaniel was stopped outside a known drug house and some of the marijuana was individually packaged; the large amount of cash found on McDaniel's person; and that McDaniel was the driver of the vehicle. The court emphasized that McDaniel had control over the car where the marijuana was found and slowly gave officers more information as their search of the vehicle progressed, until finally suggesting that there may be some marijuana in the trunk before the officers found the marijuana. We conclude that the district court did not err in finding there was sufficient evidence to revoke McDaniel's supervised release.

McDaniel argues for the first time on appeal that the district court erred in finding that the substance seized from the vehicle he was driving was marijuana and not hemp. Because he raises this issue for the first time on appeal, we apply plain error review. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To demonstrate plain error, McDaniel must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (cleaned up). Even where a defendant satisfies these requirements, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks omitted).

3

The district court's determination that the substance in question was marijuana was supported by an officer's testimony that, based on the officer's experience and training, the seized substance was consistent with the smell, texture, and appearance of marijuana. The court's finding was further supported by evidence of other items found in the car that are consistent with marijuana trafficking, including large amounts of cash and the fact the substance was individually packaged. Therefore, we conclude that the court did not plainly err in finding the substance was marijuana.

We have reviewed the record and McDaniel's arguments on appeal, and we conclude that the district court did not clearly or plainly err in its findings. Accordingly, we affirm the district court's revocation judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*