**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4401**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

KENNETH CHRISTOPHER JACOBS, a/k/a TC,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:14-cr-00177-F-1)

———————

Submitted: January 26, 2016        Decided: February 5, 2016

———————

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Christopher Jacobs pled guilty to possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court, discussing the 18 U.S.C. § 3553(a) (2012) factors, imposed a within-Guidelines term of imprisonment of 168 months and an upward variant term of supervised release of 10 years. On appeal, Jacobs contends that his 10-year term of supervised release is substantively unreasonable.

Because Jacobs did not object to the imposed term of supervised release in the district court, we review only for plain error. Webb, 738 F.3d at 640-41. Under the plain error standard, Jacobs must show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. "An error is plain when it is obvious or clear under current law." United States v. Chong Lam, 677 F.3d 190, 201 (4th Cir. 2012).

A district court, "in determining . . . the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c) (2012). Having reviewed the record, we do not

find it obvious or clear that the district court's imposition of a 10-year term of supervised release was substantively unreasonable given Jacobs' extensive criminal record and his repeated violations of terms of probation and supervised release. See 18 U.S.C. § 3553(a)(2)(B) (2012) (identifying "adequate deterrence to criminal conduct" as factor for determining proper sentence); cf. U.S. Sentencing Guidelines Manual § 4A1.3 cmt. background (2014) (identifying greater risk of recidivism where defendant's criminal record contains pattern of offenses and repeated lenient sentences).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED