**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4469**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO LAMONT BUTTS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Chief District Judge. (4:08-cr-00062-RBS-TEM-1)

Submitted: January 27, 2016      Decided: February 11, 2016

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Rodolfo Cejas, II, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Dee M. Sterling, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Butts appeals the district court's order imposing a 60-month prison sentence upon revoking his supervised release. On appeal, he contends his sentence to the statutory maximum is procedurally and plainly unreasonable because it was based predominantly on sentencing factors in 18 U.S.C. § 3553(a)(2)(A) (2012) that are not applicable to revocation sentences under 18 U.S.C. § 3583(e) (2012). We affirm.

We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise "plainly unreasonable." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (citing United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006)), cert. denied, 136 S. Ct. 494 (2015). Only if the revocation sentence is unreasonable must we assess whether it is plainly so. Id. (citing United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007)). "In determining whether a revocation sentence is unreasonable," we are informed by the same procedural and substantive considerations that guide our review of original sentences but "we strike a more deferential appellate posture." Id. (citations and internal quotation marks omitted).

A district court "retains broad discretion to . . . impose a term of imprisonment up to the statutory maximum." Id. (citations and internal quotation marks omitted). In exercising

such discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013). "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)).

"Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Id. Moreover, "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." Id. (citations omitted). Thus, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment . . . mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction

with, the enumerated § 3553(a) factors." Id. at 642 (citation omitted); see USSG ch. 7, pt. A(3)(B) (punishing new criminal conduct is not "the primary goal of a revocation sentence," but the "nature of the conduct leading to the revocation [is] considered in measuring the extent of the breach of trust").

Because Butts did not challenge the district court's consideration of factors omitted from § 3583(e) in the district court, our review is for plain error. See United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015); Webb, 738 F.3d at 640. Thus, he must show (1) error; (2) that is clear or obvious; and (3) that the error affected his substantial rights. Webb, 738 F.3d at 640. To satisfy the third prong, he must show "that he would have received a lower sentence had the district court not committed the errors he alleges." Id. at 643 (citing United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010)). "Even when this burden is met, we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 641 (citations and internal quotation marks omitted).

We have reviewed the record and conclude that Butts fails to make this showing. First, we do not agree that the district court based his sentence predominantly on the omitted factors in § 3553(a)(2)(A). Even if the district court did plainly err,

4

Butts fails to show that he would have received a lower sentence if the district court had not committed the alleged error.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>