**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4040**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

YVONNE DENISE ASH,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:13-cr-00062-2)

———————

Submitted:  June 23, 2016         Decided:  June 28, 2016

———————

Before MOTZ, KING, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Glen D. Conway, CONWAY LAW OFFICE, Huntington, West Virginia, for Appellant.  Carol A. Casto, Acting United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yvonne Denise Ash appeals the 21-month sentence imposed by the district court upon revocation of her supervised release. On appeal, Ash asserts that her sentence is plainly unreasonable because it is longer than necessary to achieve the goals of supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Id.

Ash raises no procedural challenge to her sentence. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). Here, when considering the applicable sentencing factors and imposing sentence, the district court fairly weighed Ash's prior supervised release violations, history of substance abuse, and her inability to conform to the conditions of supervised release, all of which relate to Ash's history and

2

characteristics. See 18 U.S.C. §§ 3553(a)(1), 3583(e) (2012). Finally, Ash fails to rebut the presumption of reasonableness afforded her 21-month sentence that falls within the Sentencing Guidelines' policy statement range. See Webb, 738 F.3d at 642. We conclude that Ash's sentence is not unreasonable and, therefore, not plainly so.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3