**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4772**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOSE ALBERTO PEREZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:11-cr-00256-JAB-1)

Submitted:  June 23, 2016            Decided:  June 28, 2016

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alberto Perez appeals his 24-month sentence imposed upon revocation of his supervised release. On appeal, Perez asserts that his sentence is plainly unreasonable because it is longer than necessary to achieve the goals of sentencing. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." Id.

Perez raises no procedural challenge to his sentence. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). Here, when considering the applicable sentencing factors and imposing sentence, the court discussed Perez's willful violations, including signing himself out of a residential reentry program without permission and absconding from supervision by failing to alert his probation officer to his

whereabouts.  See 18 U.S.C. §§ 3553(a)(1), 3583(e) (2012).  We conclude that Perez's sentence is not unreasonable and, therefore, not plainly so.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED