**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4535**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

STEVE DANTAY WASHINGTON,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:98-cr-00018-1)

Submitted:  January 18, 2017          Decided:  January 20, 2017

Before GREGORY, Chief Judge, and WILKINSON and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research and Writing Specialist, Ann Mason Rigby, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Carol A. Casto, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve Dantay Washington appeals the district court's judgment order revoking his supervised release and sentencing him to 12 months in prison. On appeal, Washington claims that his within-Policy Statement range sentence is plainly unreasonable. We affirm.

We have routinely recognized that, in the context of a supervised release revocation, "the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." United States v. Padgett, 788 F.3d 370, 373 (4th Cir.) (ellipsis and internal quotation marks omitted), cert. denied, 136 S. Ct. 494 (2015). "We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." Id. (internal quotation marks omitted). In reviewing a revocation sentence, we utilize the familiar procedural and substantive considerations employed for evaluating the reasonableness of an original criminal sentence, but "we strike a more deferential appellate posture than we do when reviewing original sentences." Id. (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court considered the advisory Policy Statement range and the 18 U.S.C. § 3553(a) (2012) factors applicable to supervised release revocation. Id.; United States v. Crudup,

2

461 F.3d 433, 438-40 (4th Cir. 2006). A sentence is substantively reasonable if the district court "sufficiently stated a proper basis" for the selected sentence, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we determine that a revocation sentence is unreasonable need we consider "whether it is plainly so." Padgett, 788 F.3d at 373.

In exercising its sentencing discretion, "the [district] court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States v. Webb, 738 F.3d 638, 641 (4th Cir. 2013) (internal quotation marks omitted).

Washington contends that the revocation sentence imposed by the district court is unduly punitive and fails to promote the supervised release goal of easing his transition back into society. He points to his successful employment on supervised release and the fact that, in comparison to his original crimes of conviction, his supervised release violations, which involved termination from a halfway house for repeated rules violations, were relatively minor. He argues that a shorter prison term would have properly punished his breach of trust while recognizing his progress towards rehabilitation.

The supervised release violations that resulted in the current revocation were not Washington's first. As defense

3

counsel acknowledges, Washington's earlier violations previously resulted in his supervised release being both modified and revoked. Despite that history, when Washington violated the terms of his supervised release by being ejected from a halfway house after repeatedly breaking rules, the district court did not immediately revoke his supervised release, but instead gave Washington a second chance by allowing him to return to the halfway house. Only when Washington was kicked out a second time did the court punish this breach of trust by revoking his supervised release and imposing a 12-month within-Policy Statement Range term of imprisonment. On this record, we uphold the reasonableness of the selected revocation sentence. See Crudup, 461 F.3d at 440 (holding that imposition of statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release," despite several extensions of leniency by the district court).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4