**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4700**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SAMUEL WAYNE HILL, a/k/a Sam Hill,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00206-F-1)

Submitted:  March 14, 2017          Decided:  March 23, 2017

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cindy H. Popkin-Bradley, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Wayne Hill pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced Hill to 480 months' imprisonment, which was within his Sentencing Guidelines range of 360 months to life. The court also imposed a lifetime term of supervised release, which was an upward variance from the Guidelines range of five years.

In his opening brief on appeal, Hill argued that the district court committed procedural sentencing error by failing to explain adequately the 480-month sentence, to address his arguments for a downward variance, and to explain the reasons supporting the upward variance in the term of supervised release. Hill also contended that the court's comments at the end of the sentencing hearing demonstrated judicial bias in violation of due process.

We previously granted the Government's motion to dismiss this appeal, in part, based on the waiver-of-appellate-rights provision included in Hill's plea agreement, pursuant to which Hill waived his right to appeal a within-Guidelines sentence. We ruled that Hill's acceptance of this waiver was knowing and

2

voluntary and that the first two appellate issues fell within the scope of the waiver. However, neither Hill's challenge to the reasonableness of his upward variant term of supervised release nor his due process claim is foreclosed by the appellate waiver. We address each of these claims in turn.

First, pursuant to Rule 28 of the Federal Rules of Appellate Procedure, the argument section of the brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Issues not raised in a party's opening brief are waived. United States v. Bartko, 728 F.3d 327, 335 (4th Cir. 2013).

To be sure, Hill's opening brief identifies the lifetime term of supervised release as part of the issue on appeal.[1] But the argument portion of the brief frames the claimed procedural sentencing error in terms of the court's failure to explain either the 480-month custodial sentence or its reasons for rejecting the requested downward variance. The closest Hill comes to asserting an argument relevant to the supervised

---

[1] Specifically, the statement of the argument is as follows: "Whether the district court committed procedural error when it did not adequately explain why it imposed 480 months as the term of imprisonment, why it rejected Mr. Samuel Hill's arguments for a variance, and why it ordered a term of life for supervised release." (Appellant's Br. (ECF No. 35) at 20).

3

release term is his statement that, "[i]t was also a violation of the law not to give reasons for rejecting a request for downward variance and upwardly depart on supervised release and use key words and phrases to justify the upward departure." (Appellant's Br. at 31). This simply is not enough to raise the issue sufficiently to entitle Hill to appellate review by this court. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (holding that a single sentence in an opening brief asserting a district court's alleged error "is insufficient to raise on appeal any merits-based challenge to the district court's ruling"). We thus hold that Hill has waived appellate review of this particular claim.[2]

---

[2] Even if it were not waived, Hill's challenge to the district court's explanation for the supervised release term would not garner Hill any relief. Because Hill did not ask for any specific term of supervised release and did not object to the selected term of supervised release, we would review Hill's procedural reasonableness challenge only for plain error. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Hill must show that (1) the district court erred, (2) the error is clear or obvious, and (3) the error affected his substantial rights, meaning that it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 732–34 (1993). Our review of the record satisfies us that there is no such plain error here.

Prior to sentencing Hill, the district court identified and addressed itself to Hill's criminal history, his personal circumstances (including his ongoing drug addiction and early exposure to the culture of methamphetamine production), and Hill's significant involvement with the long-lasting methamphetamine production operation that was underlying the charged conspiracy. The court concluded by observing that the
(Continued)

4

Finally, then, there is Hill's claim that the district court violated due process when, at the end of the sentencing hearing, it made two statements regarding the societal harms caused by cooking methamphetamine. While the district court's strongly worded comments conveyed a disdain for methamphetamine cooks and the serious, long-lasting, detrimental effects of methamphetamine on a community, the challenged comments do not suggest bias amounting to a due process violation. Rather, the comments reflected the court's frustration with the methamphetamine epidemic and its consideration of Hill's criminal conduct — specifically, that Hill participated in the conspiracy for four years, distributed nearly three kilograms of methamphetamine in his community, cooked in multiple locations where on one occasion an explosion occurred and resulted in serious injuries, and remained addicted to the drug himself. See Liteky v. United States, 510 U.S. 540, 555–56 (1994) ("Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after

imposed sentence, which included both the custodial term of imprisonment and the term of supervised release, was appropriate given the extensive and ongoing nature of Hill's egregious criminal conduct. We thus readily conclude that there was no procedural error — let alone plain error — in this regard.

having been confirmed as federal judges, sometimes display."). Such comments are well within bounds and thus do not offend due process. See United States v. Bakker, 925 F.2d 728, 740 (4th Cir. 1991) ("We recognize that a sentencing court can consider the impact a defendant's crimes have had on a community and can vindicate that community's interests in justice. To a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage. As the community's spokesperson, a judge can lecture a defendant as a lesson to that defendant and as a deterrent to others." (citations omitted)).

Accordingly, we affirm the remaining portion of Hill's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED