**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4738**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RAMIRO OCHOA,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, Chief District Judge.  (4:11-cr-00074-D-1)

_____

Submitted:  April 25, 2017                      Decided:  May 1, 2017

_____

Before KING, AGEE, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release, Ramiro Ochoa shot his wife and then left his judicial district without permission. Ochoa appeals from the two-year revocation sentence imposed following these two supervision violations, and we affirm.

Where, as here, a defendant fails to object to the court's sentencing explanation, we review for plain error, *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 136 S. Ct. 494 (2015). Before imposing a revocation sentence, the district court "must consider both the policy statements and the applicable policy statement range found in Chapter 7 of the Sentencing Guidelines manual, as well as the applicable 18 U.S.C. § 3553(a) factors." *Id.* (brackets and internal quotation marks omitted). "Chapter Seven instructs that, in fashioning a revocation sentence, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *Webb*, 738 F.3d at 641 (citing U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b)).

Here, the district court correctly calculated the policy statement range to be 24 months, and appropriately considered Ochoa's personal history and characteristics in fashioning a sentence that punished the serious breach of trust resulting from Ochoa's

2

grievous criminal conduct. We see no basis to disturb Ochoa's presumptively reasonable sentence. *Padgett*, 788 F.3d at 373.[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Ochoa's other challenge to his sentence concerns a double jeopardy claim that, as Ochoa concedes, could have merit only if the Supreme Court overturned its decision in *Abbate v. United States*, 359 U.S. 187 (1959). Because *Abbate* remains good law, this claim must fail.