**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4733**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN F. JEF CURRAN, III,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:11-cr-00687-RDB-1)

Submitted: August 31, 2017                Decided: September 19, 2017

Before MOTZ, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, Appellate Attorney, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Leo J. Wise, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John F. Jef Curran, III, appeals the district court's judgment revoking his supervised release and imposing a sentence of 24 months in prison with no further supervised release. The district court found that he had committed four violations of his supervised release; the statutory maximum was two years under 18 U.S.C. § 3583(e)(3) (2012); and his policy statement range was three to nine months under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2015). On appeal, Curran does not dispute that he violated the conditions of his supervised release but contends his sentence is plainly unreasonable because it was predominantly based on the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (citation omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Id.* (citation omitted). In determining whether a revocation sentence is unreasonable, we are informed by the same procedural and substantive considerations that guide our review of original sentences but strike a more deferential appellate posture. *Id.* (quotation marks and citations omitted).

When the district court imposes a revocation sentence outside the policy statement range, we "may not apply a presumption of unreasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007). While we "may consider the extent of the deviation," we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent of the variance." *Id.* A district court retains broad discretion to impose a sentence up to the statutory maximum. *Padgett*, 788 F.3d at 373 (citations omitted).

In exercising such discretion, the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *Id.* (quoting USSG ch. 7, pt. A(3)(b)).

"Although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." *Id.* Moreover, the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Id.* (citations omitted). Thus, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just punishment," we have concluded that mere reference to such considerations does not render a revocation sentence unreasonable "when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642 (citation omitted); *see also* USSG ch. 7, pt. A(3)(b) (noting the "nature of the conduct leading to the revocation [is] considered in measuring the extent of the breach of trust").

We have reviewed the record and conclude that Curran's sentence is not plainly unreasonable. Although the district court did refer to the need for the sentence to reflect the seriousness of the offense and promote respect for the law, we conclude, as we did in *Webb*, that these factors were related to other considerations permissibly relied upon by the district court, e.g., the nature and circumstances of Curran's offense and his history and characteristics under 18 U.S.C. § 3553(a)(1). The district court emphasized that the "[m]ost important[]" factor in this case was the need to protect the public from further crimes of this defendant under § 3553(a)(2)(C). We therefore do not agree with Curran's argument that his sentence was predominantly based on § 3553(a)(2)(A) factors.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*