**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4529**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC DAVID BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:10-cr-00064-1)

Submitted:  December 13, 2018                    Decided:  December 21, 2018

Before DUNCAN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lorena E. Litten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, John L. File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric David Bennett appeals from the district court's order revoking his supervised release and imposing an 18-month term of imprisonment. Bennett contends that the district court erred by considering the seriousness of his violations and that the sentence imposed was greater than necessary to meet the goals of a revocation sentence, especially considering the treatment option he presented during the revocation hearing. We conclude that the district court's sentence was not unreasonable, much less plainly unreasonable, and therefore affirm the district court's judgment.

We review a sentence imposed upon revocation of supervised release to determine whether "it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). We determine reasonableness by generally following the procedural and substantive considerations used in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). In analyzing a revocation sentence, we apply "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. 18 U.S.C. § 3583(e) (2012); *Crudup*, 461 F.3d at 438-39. Where, as here, a defendant fails to object to the district court's explanation of his sentence, we review for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013).

2

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b). According to 18 U.S.C. § 3583(e) (2012) (governing supervised release revocation), the court also must consider certain of the factors enumerated under § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); see 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not rely "predominately" on the § 3553(a)(2)(A) factors in selecting a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

We find that Bennett has not successfully demonstrated that the district court procedurally erred in relying too heavily on the seriousness of his revocation conduct while on supervision. The district court noted that Bennett had engaged in violent criminal conduct constituting violations of the terms of his supervision. However, the court emphasized that this conduct showed a "clear disdain for the law and the members of the community." The court also stated that it considered Bennett's history and characteristics and that the 18-month sentence would provide deterrence, protect the

3

public, and avoid unwarranted sentencing disparities. Although the court commented on the seriousness of Bennett's violations, the court emphasized that it considered Bennett's "repeated violations of the Court's trust in determining that [a] sentence above the applicable advisory guideline ranges is, in fact, appropriate." Such consideration is relevant to the appropriate sentencing factors of the nature and circumstances of the violations, Bennett's history and characteristics, and the need for deterrence and to protect the public. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (C), 3583(e).

Bennett contends that the sentence imposed is unreasonable because the imposition of a term of imprisonment is greater than necessary to meet the goals of a revocation sentence. He asserts that the 46-month sentence he served for the underlying conviction did not deter him and contends that an additional sentence of 18 months also will not be effective. He argued instead for a term of supervised release with a condition that he successfully complete an intensive therapy program that he was directed to complete as a condition of his state probation. Bennett contends that the therapy program would better serve the goals of supervised release and also address Bennett's underlying domestic violence issues.

The district court considered Bennett's request, but determined that a sentence of 18 months was appropriate in light of Bennett's repeated violations. The court additionally recommended anger management treatment. Because the court appropriately considered the relevant factors and provided a sufficient explanation for the sentence imposed, we conclude that the revocation sentence imposed by the district court was not

unreasonable and therefore not plainly unreasonable. *Webb*, 738 F.3d at 640; *Crudup*, 461 F.3d at 440.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*