**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4571**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YVONNE DENISE ASH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:13-cr-00062-2)

Submitted: January 22, 2019                     Decided: January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lorena E. Litten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yvonne Denise Ash appeals from the district court's order revoking her term of supervised release and imposing a 15-month term of imprisonment. Ash contends on appeal, first, that the district court abused its discretion in denying her request to hold its disposition in abeyance pending her efforts to obtain admission to an inpatient drug treatment program. Second, Ash asserts that the district court failed to provide a sufficient individualized explanation, rendering her sentence plainly unreasonable. We affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke supervised release, a district court need only find by a preponderance of the evidence a violation of a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2012). Here, Ash admitted to violating the terms of her supervised release, including multiple positive drug screens, repeated failures to report for drug counseling and screening, and a failure to complete a residential re-entry program. Given the nature and lengthy history of the violations, the district court acted within its discretion in denying Ash's request for abeyance and revoking her release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2012), and the statutory requirements and factors applicable to revocation sentences

2

under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statement range and the pertinent § 3553(a) factors. *See* 18 U.S.C. § 3583(e), *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup*, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a 15-month term of imprisonment without a further term of supervised release. The court considered the pertinent factors and adequately stated permissible reasons for the sentence, including Ash's lengthy history of violations, the serious nature of the violations, her previous revocation, the repeated efforts by the probation officer to help Ash get into counseling, and Ash's failure to comply with the rules at a halfway house. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*