**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4668**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

TOMMY CARNEL GENERAL,

          Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:99-cr-00068-D-3)

───────────────

Submitted:  October 22, 2024              Decided:  October 29, 2024

───────────────

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Carnel General appeals the 24-month sentence imposed upon the revocation of his supervised release. The district court revoked General's supervised release after finding that he violated the conditions of supervised release by engaging in new criminal conduct and by leaving the judicial district without permission. The sentence imposed was within the properly calculated 21- to 24-month policy statement range. On appeal, General argues that the revocation sentence is procedurally plainly unreasonable. We affirm.[1]

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. This [c]ourt will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable," *id.*, applying "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences," *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted). "Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to

---

[1] The Government contends that General failed to preserve his challenge to his revocation sentence and therefore the issue is subject to plain error review. Even assuming arguendo that the issue was preserved, we conclude that General is not entitled to relief.

2

whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (internal quotation marks omitted).

When fashioning an appropriate revocation sentence, "the [district] court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. (3)(b) (1998), p.s.; *see United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). While the court also must consider certain enumerated factors under 18 U.S.C. § 3553(a), excluded from that list is "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see id.* § 3583(e).

We have recognized, however, that "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Consequently, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

General argues that his sentence is procedurally unreasonable because the district court repeatedly cited the serious and egregious nature of his new criminal conduct as the basis for the revocation sentence. The Chapter 7 policy statements provides that the court should "consider[] a violation resulting from a defendant's failure to follow the court-

3

imposed conditions of . . . supervised release as a 'breach of trust.'" USSG ch. 7, pt. A, introductory cmt. 3(b), p.s.  Here, the district court made clear its understanding that the principal focus of a revocation sentence is to sanction a defendant's breach of the court's trust.  The court found that General breached the court's trust by violating the supervised release conditions prohibiting him from engaging in criminal conduct or leaving the judicial district without prior permission.  The court considered General's argument that he had no prior supervised release violations, but expressly declined his request for a downward variant sentence because, in the court's view, General's revocation conduct was an egregious breach of trust.  While the seriousness of General's revocation conduct implicates § 3553(a)(2)(A), in this case the court's focus was not on sanctioning General for the seriousness of the offenses themselves; rather, the court's emphasis was on its determination that the revocation conduct was an egregious breach of trust.  We therefore conclude that General's revocation sentence is not procedurally unreasonable, plainly or otherwise.[2]

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] General does not challenge—and therefore has not rebutted—the presumption of substantive reasonableness accorded his within-policy-statement-range revocation sentence. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

4